[Civ. No. 43371. First Dist., Div. Two. Nov. 6, 1979.]

UNITED CALIFORNIA BANK, Plaintiff and Appellant, v.
FIRST BANK OF OAK PARK, Defendant and Respondent.

440

---

**COUNSEL**

Severson, Werson, Berke & Melchior, Robert L. Lofts, Jan T. Chilton and Steven W. Waldo for Plaintiff and Appellant.

William H. Carder, Frankel, McKay, Orlikoff, Denten & Kostner and Robert J. Peters for Defendant and Respondent.

## Opinion

**CALHOUN, J.\***—This is an appeal from an order of the trial court quashing the service of summons on the defendant and respondent First Bank of Oak Park (Oak Park). There is some confusion by the attorneys about what facts are in the record.[1] However, the relevant facts for this appeal are summarized as follows:

John Gleason was an Illinois resident. He was the sole shareholder of Gleaco Corporation, a Delaware corporation. Oak Park was a bank incorporated in Illinois. Gleason and Gleaco had previously borrowed money from Oak Park. Gleason, on behalf of Gleaco, applied for a new loan from Oak Park in the amount of $350,000. Oak Park denied the loan because of the manner in which Gleason and Gleaco had repaid prior loans. However, Oak Park agreed to make the loan on the following basis: Gleason, on behalf of Gleaco, on February 14, 1975, executed a note to Oak Park for $350,000; Oak Park in turn transferred by intrabank transfer the borrowered funds and issued to Gleaco a certificate of deposit for $350,000. Oak Park's officers knew that Gleason intended to use the certificate of deposit to obtain financing for a grape-growing venture in California, and that the certificate of deposit would be worthless security for the loan issued in California because Oak Park could cancel the certificate against its own loan to Gleaco.

John Gleason came to California and pledged the certificate of deposit as security for a personal loan in the amount of $350,000, borrowed from the First State Bank of Northern California (Northern). The certificate of deposit was assigned to Northern by Gleason for Gleaco Corporation.

United California Bank (appellant) purchased a 90 percent participation in Northern's personal loan to Gleason. Gleaco defaulted on its loan with Oak Park, and Oak Park canceled the certificate of deposit. Thus, Northern's loan (with appellant's 90 percent participation) was unsecured.

---

\*Assigned by the Chairperson of the Judicial Council.
[1]United California Bank (appellant) moved this court to take new evidence on appeal. It argued facts taken from its motion in its opening brief. The motion to take new evidence was then denied. On the court's own motion, the new evidence was subsequently taken into the record for appeal.

John Gleason filed for bankruptcy in February 1976. He defaulted on his personal loan from Northern on March 4, 1976. Northern was closed and placed in receivership by the Superintendent of Banks for the State of California on May 21, 1976.

The Federal Deposit Insurance Corporation (FDIC) was appointed receiver for Northern, and by a sale of assets to itself, FDIC acquired the note from Gleason to Northern. FDIC then filed an action in Alameda County against appellant and sought to recover Northern's deposits that appellant used to "offset" the amount of appellant's participation in Northern's loan to Gleason.[2]

Appellant then instituted this action for a declaratory judgment against Oak Park. Appellant seeks a declaration that Oak Park wrongfully offset its loan to Gleaco against the certificate of deposit, and that it is entitled to be indemnified by Oak Park to the extent that an award is made against it in the FDIC action.

Oak Park moved the trial court to quash the service of summons on it on the ground of lack of jurisdiction or, in the alternative, to stay or dismiss the action on the ground of inconvenient forum. The motion to quash was granted by the trial court and led to the instant appeal.[3]

Appellant asks this court to hold that the exercise of jurisdiction over Oak Park is proper under California's long-arm statute, section 410.10 of the Code of Civil Procedure. Section 410.10 states that California may exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States."

Appellant contends that the court should exercise jurisdiction over the defendant on the theory that if a defendant has caused effects in this state by his out-of-state act or omission, the state may exercise jurisdiction over the defendant (*Kulko* v. *Superior Court* (1977) 19

---

[2] The FDIC also filed an action against Oak Park in the United States District Court for the Northern District of Illinois. The FDIC sought a declaration that the certificate of deposit was valid.

[3] The facts before the trial court were different than as recounted above. New evidence, taken in the record for appeal, has changed the nature of the case. Our decision need not involve any disapproval of the trial court's action in view of the evidence before it.

Cal.3d 514 [138 Cal.Rptr. 586, 564 P.2d 353]; *Sibley* v. *Superior Court* (1976) 16 Cal.3d 442 [128 Cal.Rptr. 34, 546 P.2d 322]).[4] The effects theory is discussed in the Judicial Council comment to the Code of Civil Procedure for section 410.10: "A state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an omission or act done elsewhere, with respect to causes of action arising from those effects, unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable." Appellant argues that consistent with the effects test of jurisdiction, the exercise of jurisdiction is reasonable in the instant case because: 1) Oak Park did an intentional act knowing that it would cause effects in California, the nature of which California deems to be exceptional and subject to special regulation, and 2) Oak Park anticipated an economic benefit from its act which caused the effect in this state.

■ We agree with both of appellant's contentions, and, therefore, the ruling of the trial judge must be reversed.

In *Quattrone* v. *Superior Court* (1975) 44 Cal.App.3d 296, 306 [118 Cal.Rptr. 548], the court said, "we conclude that it is reasonable to exercise jurisdiction on the basis of the defendant intentionally causing 'effects in the state by an omission or act done elsewhere' whenever (a) the effects are of a nature 'that the State treats as exceptional and subjects to special regulation,'. . ." *Quattrone* is controlling in this case. An examination of the record makes it abundantly clear that respondent, Oak Park, issued the certificate of deposit knowing that Gleason intended to take it to California and use it as security for a loan, and that the security would be worthless because of Oak Park's right of offset. The effects caused were the extension of a loan to Gleason which in effect was unsecured and ultimately became uncollectible. Both effects are treated as exceptional and are subject to regulation in California. The types and amounts of loans and the types and values of security which state banks must obtain for those loans are regulated by the state (Fin.

[4]The "effects" test of jurisdiction is an outgrowth of the seminal case of *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057], which stated that the test for personal jurisdiction over out-of-state defendants was "minimum contacts" sufficient to satisfy "traditional notions of fair play and substantial justice." (See *Hanson* v. *Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228]; *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199].)

Code, §§ 1220-1236). No further citations are needed to support the conclusion that California deems state chartered banks exceptional and subject to special regulation. Consequently, under the holding of *Quattrone,* it is reasonable to require Oak Park to appear and defend this lawsuit in California.

Additionally, we hold that it is reasonable to exercise jurisdiction over Oak Park because Oak Park anticipated that it would derive an economic benefit as a result of its out-of-state activities which caused effects in California. That Oak Park anticipated such economic benefits is apparent from the record. By making the loan to Gleaco, which was immediately reinvested in the Oak Park certificate of deposit, Oak Park had made a risk free loan. Meanwhile, it collected interest on the loan in excess of the interest it paid on the certificate of deposit. This difference in interest rates resulted in a substantial economic benefit to Oak Park. This realization of economic benefit from out-of-state activity which caused effects in California makes it reasonable for California to exercise jurisdiction over Oak Park (*Kulko* v. *Superior Court, supra,* 19 Cal.3d 514; *Sibley* v. *Superior Court, supra,* 16 Cal.3d 442).

In view of our conclusion, the additional issues raised by the parties need not be discussed.

The order of the trial court quashing service of summons is reversed.

Taylor, P. J., and Miller, J., concurred.

A petition for a rehearing was denied December 6, 1979, and respondent's petition for a hearing by the Supreme Court was denied January 24, 1980. Clark, J., was of the opinion that the petition should be granted.